CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 6 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD WAYNE JOHNSON, #338826, | ) ) | Civil Action No. 7:05-CV- 00278 |
| Plaintiff, | ) ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) ) | |
| | ) | By: Hon. Glen E. Conrad |
| RUSSELL COUNTY JAIL, ET AL., | ) | United States District Judge |
| Defendants. | ) | |

Petitioner Richard Wayne Johnson, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Johnson claims that he received inadequate medical care while incarcerated at the Russell County Jail. Johnson seeks monetary and injunctive relief and transfer to the Virginia Department of Corrections. This action is before the court pursuant to the court's screening function as described in 28 U.S.C. § 1915A. After reviewing the complaint, the court is of the opinion that Johnson has failed to state a claim upon which relief can be granted. For the reasons stated below, the court files and dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

In order to state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege acts sufficient to evince a deliberate indifference to a serious medical condition. Estelle v. Gamble, 429 U.S. 97 (1976). To establish deliberate indifference, a plaintiff must present facts

tending to demonstrate actual knowledge or awareness of the serious medical need on the part of the named defendants. Farmer v. Brennan, 511 U.S. 825 (1994). Mere malpractice on the part of medical personnel is insufficient to state a claim under the Eighth Amendment, Estelle, 429 U.S. at 106.

For a defendant to have been deliberately indifferent, he or she must have drawn a subjective inference that certain actions or a failure to take corrective action would subject plaintiff to unnecessary and significant pain and suffering or would expose plaintiff to a substantial risk of more serious injury. See Johnson v. Quinones, 145 F.3d 164 (4th Cir. 1998).

In claim 1, Johnson alleges the following. Johnson notified jail staff about pain in his lower back and hip, and swelling in his lower back. Johnson was given prescription pain medication. Four days later Johnson was taken to the Russell County Medical Center (RCMC) Emergency Room (ER) and placed on steroids for five days. Johnson was seen again by the physician two weeks later and placed on additional pain medication and scheduled for X-rays and an MRI. Three days later, Johnson received X-rays and an MRI at RCMC. A week later Johnson complained about increased pain and muscle spasms. Four days later, Johnson met with the defendants who explained that the MRI showed arthritis in the lower spine and they said that the jail doctor would set up a referral to a specialist. Johnson was also given additional pain medications. Five days later, Johnson was transferred to the Southwest Regional Jail.

Johnson admits that he received a variety of pain medications for his problem. In addition, Johnson met with the jail physician, was sent to the ER, was provided with X-rays and an MRI, and was set up for a referral to an outside specialist. Therefore, at most, Johnson alleges a disagreement with the level of care, which is not cognizable under 42 U.S.C. § 1983. In addition, Johnson has not

2

Case 7:05-cv-00278-GEC-mfu   Document 4   Filed 05/06/05   Page 2 of 3   Pageid#: 16

alleged any actual harm as a result of any delay in treatment.

In claim 2, Johnson alleges that he told the jail nurse in February, 2005 about a lump on his left testicle. The nurse told Johnson that an appointment would be scheduled with the doctor. However, Johnson was never seen by the doctor. Johnson does not allege that he ever filed any grievances about this issue or that he made any further attempt to alert the defendants to the severity of his condition. In addition, Johnson does not allege that this lump caused him any pain or discomfort. Johnson does not allege any harm as a result of the alleged failure of medical staff to treat Johnson's condition.

Johnson has not alleged any facts indicating a deliberate indifference on the part of the defendants. Johnson's claims do not rise to the level of a constitutional deprivation. Therefore, this court must dismiss Johnson's complaint pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will be issued this day.

**ENTER**: This ___6th___ day of May, 2005.

_/s/ Jack Conrad_
UNITED STATES DISTRICT JUDGE

3